UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

HUNTER'S MOON FARM, LLC,

                Plaintiff,　　　　11 Civ 4221 (LTS) (FM)

    -against-

FRANK MADDEN SHOW STABLE, LLC,
and FRANK I. MADDEN,

                Defendants.
------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 18 JUL 2011

### SETTLEMENT STIPULATION AND ORDER

This Settlement Stipulation, including the document annexed hereto as an Exhibit (individually and collectively, the "Settlement Stipulation"), is made as of this 12th day of July, 2011, by and between Hunter's Moon Farm, LLC ("HMF"), and Frank Madden Show Stable, LLC, and Frank I. Madden (together, "Defendants").

### WITNESSETH:

WHEREAS, a dispute has arisen between HMF and Defendants concerning that certain Equine Facility and Services Agreement dated March 21, 2008 (the "Services Agreement");

WHEREAS, HMF instituted the above-captioned action (the "Action"), asserting that Defendants breached the Services Agreement, among other things, and Defendants deny the allegations asserted by HMF;

WHEREAS, the parties wish to resolve and settle the disputes between them concerning the Services Agreement and the claims asserted, or that could be asserted, in the Action;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the signatories hereto agree as follows:

1.  <u>Termination.</u> The Services Agreement shall terminate as of the effective date of this Settlement Stipulation. Section 22.4 of the Services Agreement shall survive its termination.

2.  <u>Non-Compete.</u> Until September 2, 2013, Defendants and their agents, employees, members, officers, directors, predecessors, successors and assigns, and all other persons acting on their behalf, shall not engage in any equestrian-related services in Queens, Kings, Nassau and Suffolk Counties ("<u>Long Island</u>"), whether directly or indirectly, formally or informally, and regardless of whether Defendants receive any consideration in connection with such services, including, but not limited, to those services Defendants provided to HMF under the Services Agreement, and Defendants shall not work at or affiliate themselves with any farm, stable or other equestrian facility located on Long Island that engages in equestrian-related services and shall not permit Mr. Madden's name to be used in connection with the activities of any such farm, stable or other equestrian facility. Notwithstanding the foregoing, (a) Defendants shall be permitted to train horses or instruct riders at and during horse shows located on Long Island that are officially sanctioned by the United States Equestrian Federation, and (b) media reports, including advertising, in publications with nationwide circulation that include Mr. Madden's name, a description of his qualifications or services, or the results of competitions in which his customers or their horses have been involved, shall not constitute a violation of this covenant. Defendants agree that this provision is the result of a bargained-for exchange in which Defendants were represented by counsel, and that the terms of this provision, including its geographic scope and duration, are commercially

2

reasonable in light of the nature of the parties' respective businesses and the unique nature of Mr. Madden's skills as a trainer and instructor, and does not impair Mr. Madden's ability to earn a livelihood.

3. <u>Payment By HMF To Defendants</u>. As part of the bargained-for exchange, HMF shall pay to Defendants the sum of $50,000 (the "<u>Settlement Payment</u>"). Such Settlement Payment shall be paid within 5 business days after the Court so-orders this Settlement Stipulation. The Settlement Payment shall be in full satisfaction of any and all amounts that are or may be owed by HMF to Defendants under the Services Agreement or otherwise.

4. <u>Jurisdiction of the SDNY</u>. The United States District Court for the Southern District of New York shall retain exclusive jurisdiction over this Settlement Stipulation, the subject matter hereof, and any disputes arising out of or relating to this Settlement Stipulation, until September 2, 2013.

5. <u>Claims Released</u>. The parties hereby fully and forever release and discharge each other and their agents, employees, members, officers, directors, subsidiaries, parents, affiliates, predecessors, successors, assigns, heirs, executors, insurers, and attorneys, from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, losses, damages, costs or expenses, including but not limited to court costs, attorneys' fees, interest and punitive damages, of any nature whatsoever, arising out of, or related to the Services Agreement, whether such claims, injury or damages are currently known or unknown, sustained or to be sustained, and whether said claims, injury or damages are in contract or tort, including all claims, defenses or counterclaims that were asserted, or which could have been asserted, in the Action. Specifically exempted from this release are any claims that may arise from either

3

parties' performance or breach of this Settlement Stipulation or Defendants' obligations under Section 22.4 of the Services Agreement.

6. **Termination Of All Litigation.** Within 5 business days after the Court so-orders this Settlement Stipulation, HMF shall execute and deliver to Defendants a Stipulation of Dismissal for the Action in the form attached hereto as Exhibit A.

7. **Entire Agreement.** This Settlement Stipulation and the executed version of Exhibit A attached hereto, constitutes the entire settlement and agreement between the parties hereto. This Settlement Stipulation supersedes each prior agreement, understanding, claim, defense, complaint and answer, whether written or oral, pertaining to the subject matter hereof, including the subject matter of the Action. No party hereto has made or is relying upon any oral or written representations, warranties or promises that are not set forth in this Settlement Stipulation. This Settlement Stipulation may not be modified or amended unless by a writing signed by the party to be charged with such modification or amendment.

8. **Volition And Accord; Joint Drafting.**

   a. HMF represents and warrants that it is entering into this Settlement Stipulation of its own volition and accord, without any coercion, duress, compulsion or other improper influences of any sort and has had full opportunity to consult with its counsel, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019, as to the scope, purpose, meaning and validity of this Settlement Stipulation.

   b. Defendants represent and warrant that they are entering into this Settlement Stipulation of their own volition and accord, without

4

    any coercion, duress, compulsion or other improper influences of any sort and have had full opportunity to consult with their counsel, Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110, as to the scope, purpose, meaning and validity of this Settlement Stipulation.

  c.  The parties agree and understand that each party participated in the drafting of this Settlement Stipulation, and each party had their respective counsel review and comment upon this Settlement Stipulation. Accordingly, the parties agree that in interpreting or construing this Settlement Stipulation, there shall be no inference or construction drawn in favor of or against either party as the draftsman of this Settlement Stipulation.

9.   <u>Governing Law; Notice; Address For Future Notices</u>.

  a.  This Settlement Stipulation shall be governed by the laws of the State of New York, excluding its conflicts of law principles.

  b.  Service of any notice, application, process, suit, summons, motion or other communication arising out of or relating to this Settlement Stipulation shall be made by (i) facsimile or email, and (ii) overnight courier to the persons listed below. In the event of a change of address or contact information prior to September 2, 2013, the party concerned shall notify the other party of such change and provide the other party with the new address or contact information. Notification of a change of address or contact

information shall be made in accordance with this section 9, and such change shall be effective upon delivery.

If to HMF:

>Pearl Seril
>Barbara Seril
>Hunter's Moon Farm, LLC
>30 East 76th Street, 4th Floor
>New York, NY 10021
>(212) 327-0011
>(212) 327-1504 (fax)
>psp330@aol.com
>spqr985@aol.com

with a copy to (though such copy shall not constitute effective service or notice for any purpose):

>Daniel P. Goldberg, Esq.
>Dorit Ungar, Esq.
>Kasowitz, Benson, Torres & Friedman LLP
>1633 Broadway
>New York, New York 10019
>(212) 506-1700
>(212) 506-1800 (fax)
>dgoldberg@kasowitz.com
>dungar@kasowitz.com

If to Defendants:

>Frank I. Madden
>190 June Rd.
>North Salem, New York 10560
>908 612 1646
>fim618@gmail.com

with a copy to (though such copy shall not constitute effective service or notice for any purpose):

>Paul R. DeFilippo, Esq.
>Wollmuth Maher & Deutsch LLP
>500 Fifth Avenue
>New York, NY 10110
>(212) 382-3300
>(212) 382-0050 (fax)
>PDefilippo@wmd-law.com

6

    d.    The parties agree that delivery or service in the manner set forth in this section 9 shall be good and sufficient notice or service (as the case may be), and such notice or service shall be complete upon the earlier of the date of (i) successful transmission via facsimile or email (as the case may be), or (ii) one business day after mailing via overnight delivery.

10.    <u>Attorneys' Fees</u>. In any action arising out of or relating to this Settlement Stipulation, including an action to enforce this Settlement Stipulation, the prevailing party in any such action shall be entitled to recover its costs, including reasonable attorneys' fees, incurred in connection with such action.

11.    <u>Authority To Enter</u>. HMF and Defendants hereby represent and warrant that they are authorized to enter into this Settlement Stipulation, and that the persons executing this Settlement Stipulation have been duly authorized to do so.

12.    <u>Counterparts</u>. This Settlement Stipulation may be executed in any number of counterparts and delivered by facsimile or email, each of which shall be an original but together shall constitute one and the same instrument.

13.    <u>Further Acts</u>. The parties hereto agree to perform all further acts and execute, acknowledge and deliver any documents which may be reasonably necessary, appropriate or desirable to carry out the provisions of this Settlement Stipulation.

14.    <u>Severability</u>. In the event that a court or tribunal of competent jurisdiction determines that any part or portion of this Settlement Stipulation is illegal, invalid or otherwise unenforceable, the legality, validity and enforceability of the remaining provisions shall not in any way be affected thereby. To the extent a provision of this Settlement Stipulation is found to be unenforceable for any reason, a court shall be

empowered to revise the scope of such provision so as to make it enforceable consistent with the intent of the parties with respect to such provision.

15. **Agreement is Binding.** The parties agree that this Settlement Stipulation is binding on HMF and Defendants, as well as their respective agents, employees, members, officers, directors, subsidiaries, parents, affiliates, predecessors, successors, assigns, heirs, executors, insurers, and attorneys.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Stipulation to be executed by the individuals identified below, thereunto duly authorized, and to be delivered, all as of the day first above written.

HUNTER'S MOON FARM, LLC

By: _____
Pearl Seril
Member

FRANK MADDEN SHOW STABLE, LLC

By: _____
Frank I. Madden
Member

FRANK I. MADDEN
_____

SO ORDERED

_____ NY NY 7/18/2011
Laura Taylor Swain, U.S.D.J.

8